UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| A.B. by his Parents and Next Friends, RICHARD and CHRISTA BELL, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| FRANKLIN TOWNSHIP COMMUNITY SCHOOL CORPORATION, RISE SPECIAL SERVICES, | ) No. 1:11-cv-00456-SEB-DKL ) ) ) ) |
| Defendants. | ) |

**ORDER DENYING PLAINTIFF'S MOTION TO ALTER/AMEND JUDGMENT**

This cause is before the Court on Plaintiff's Motion to Alter/Amend Judgment [Docket No. 42], filed on October 23, 2012, pursuant to Rule 59 of the Federal Rules of Civil Procedure. Plaintiff, A.B., by his Parents and Next Friends Richard and Christa Bell, requests that the Court amend its September 28, 2012 order granting Defendants' motion for summary judgment on Plaintiff's claim that Defendants denied A.B. a free, appropriate public education ("FAPE") in violation of the Individuals With Disabilities Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq*., and further holding that South Creek Elementary School in the Franklin Township Community School District is A.B.'s current educational placement. For the reasons detailed below, we <u>DENY</u> Plaintiff's Motion to Alter/Amend.

1

**Discussion**

The purpose of a Rule 59 motion "is to bring the court's attention to newly discovered evidence or a manifest error o[f] law or fact. *Neal v. Newspaper Holdings, Inc.*, 349 F.3d 363, 368 (7th Cir. 2003) (citing *Bordelon v. Chicago Sch. Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000)). It is not designed to "'introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment.'" *Bordelon*, 233 F.3d at 529 (quoting *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996)).

Here, Plaintiff contests the Court's determination that South Creek is A.B.'s current educational placement. However, Plaintiff presents no newly discovered evidence to support his arguments, instead largely rehashing the arguments he advanced previously. Nor has Plaintiff shown that we made a manifest error of law or fact in our prior analysis. Plaintiff argues that we erred by failing to accept the determinations of the administrative bodies that BACA, not South Creek, is A.B.'s current educational placement. However, none of the administrative decisions contained substantive analysis of the issue and, in any event, "[o]n issues of law, the hearing officer is entitled to no deference." *Alex R. v. Forrestville Valley Cmty. Unit Sch. Dist #221*, 375 F.3d 603, 611 (7th Cir. 2004) (citation omitted). Although Plaintiff obviously disagrees with our determination, mere disagreement with the Court's ruling is insufficient grounds for a Rule 59 motion. *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) ("A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the

2

wholesale disregard, misapplication, or failure to recognize controlling precedent.") (quotations and citation omitted).

Plaintiff also requests that we amend our September 28, 2012 order on the basis of developments that have occurred since that order was issued. Specifically, Plaintiff alleges that since that date Defendants have "discontinued transportation, but made no effort to organize meetings with the [Parents] to draft a transition plan, to convene a case conference to update and modify A.B.'s IEP, or to discuss evaluations involving [A.B.'s] speech therapy …, occupational therapy …, and physical therapy …." Pl.'s Br. at 5. However, as Defendants correctly assert, these are new allegations regarding alleged failings by Defendants that have occurred following issuance of our September 28, 2012 order. Thus, these allegations do not constitute "newly discovered evidence" regarding matters encompassed in our prior order, but rather are the makings of a fresh and distinct dispute between the parties. As such, the Court cannot properly address these new issues in the context of a Rule 59 motion. *See Lentomyynti Oy v. Medivac, Inc.*, 997 F.2d 364, 366 (7th Cir. 1993) ("Genuine Rule 59(e) motions are used to request reconsideration of matters properly encompassed in a decision on the merits.") (internal quotation marks and citation omitted). Accordingly, Plaintiff's request to alter/amend the judgment on this basis is <u>DENIED</u>.

IT IS SO ORDERED.

Date: \_\_\_\_\_05/28/2013_____

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

3

Distribution:

Alexander Phillip Pinegar
CHURCH CHURCH HITTLE & ANTRIM
apinegar@cchalaw.com

Seamus P. Boyce
CHURCH CHURCH HITTLE & ANTRIM
spboyce@cchalaw.com

Mitchell M. Pote
LAW OFFICE OF MITCHELL M. POTE
mitchell.pote@gmail.com